ISAAC BISHOP v. GEORGE D. BECKER.

**Cleaning Exterior of Buildings by Sand-blast Process not Negligence per se.**

Cleaning the exterior of a building by the sand-blast process, littering the sidewalk with sand and gravel, is not negligence per se, from which a court will presume such manifest danger arising therefrom to persons passing along the sidewalk below as would require more than ordinary care on the part of those operating the device.

[Syllabus approved by the court.]

ERROR to common pleas court.

The plaintiff complains that, while passing a building, the walls of which were being cleaned by the defendant by the sand-blast process, he fell upon the sidewalk and sustained serious injuries, averring the fall was due to the littering of the sidewalk with sand, pebbles and gravel, thrown against the building by the process employed.

*Prescott Smith,* for plaintiff in error.

*W. A. Rinckhoff,* for defendant in error.

Hamilton County.

**JONES, J.**

We have searched the record of this proceeding in vain for any evidence of negligence on the part of plaintiff in error.

One of the plaintiff's witnesses below testified that there was a man with a broom sweeping sand from the sidewalk.

Another testified that they tried to catch all the falling sand by means of a canvas, but that same was impossible. He said "they tried to catch it all but couldn't."

We are not asked to hold, nor could we, that the cleaning of the exterior of a building on a public thoroughfare by sand-blasting is negligence *per se*. It seems that only upon such doctrine could the verdict in this case be sustained.

There is no evidence to show that sand scattered upon a stone walk is dangerous to pedestrians and we can not presume such manifest danger as would require of the defendant below extraordinary care.

Ordinary care is that degree of care which is commensurate with the danger naturally and necessarily connected with the act complained of.

There is a lack of evidence showing want of such care in this case and the judgment will be reversed.

**Smith** and **Swing, JJ.**, concur.